FILED

NOV 19 2001

LARRY W. PROPES, CLERK
FLORENCE, S.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

ENTERED

NOV 20 2001

SCANNED

| | |
|---|---|
| Karole K. Jensen, ) | |
| ) | Civil Action No. 4:00-1856-12 |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Robert C. Blackburn, Kenneth Meehan, ) | |
| Daniel G. Hall, E.F. Hucks & Associates, ) | |
| and William L. Haralson & Associates, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court is the Report and Recommendation of Magistrate Judge Terry L. Wooten, recommending that the Court grant the plaintiff's motion to remand the instant action to state court. The plaintiff, proceeding pro se, initiated this action in the Court of Common Pleas for Horry County, South Carolina. In her complaint, the plaintiff alleges that the defendants violated various state laws and the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968, which resulted in the failure of a planned theme park and resort development located at the old Myrtle Beach Air Force Base in Myrtle Beach, South Carolina. Based on the plaintiff's allegation of a federal RICO violation, the defendant Daniel G. Hall ("Hall"), joined by

the other defendants, removed the action to this Court on June 12, 2000.¹ The plaintiff then retained legal representation on August 9, 2000. Based upon his detailed review of the record, the Magistrate Judge granted the plaintiff's motion to remand, which was originally filed in state court but was later amended.

The defendants have submitted objections to the Magistrate Judge's Report and Recommendation. This Court has reviewed the defendants' objections de novo, but it concludes that they are without merit. District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995)²; see 28 U.S.C. §

---

¹ The Magistrate's Report sets forth in detail the procedural history of this action. Therefore, the Court will only briefly address said history.

² United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) established the doctrine of supplemental jurisdiction as a matter of federal common law. Essentially, Gibbs held that a federal court can decide a state law claim that forms part of the same "case or controversy" as a claim over which the court has jurisdiction. Ibid. Since Gibbs, federal courts have expanded and shaped the doctrine of supplemental jurisdiction by applying it to new circumstances. In 1990, Congress passed a supplemental jurisdiction statute, now codified at 28 U.S.C. § 1367. Although § 1367 overruled Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (restrictions on jurisdiction over third parties), the statute affirmed Gibbs, as interpreted by subsequent federal courts, as the proper measure of federal supplemental jurisdiction. 28 U.S.C.A. § 1367, Practice Commentary at 829 (1993). See Purgess v. Sharrock, 33 F.3d 134, 139 (2d Cir.1994) ("Section 1367(c) is consistent with earlier case law on this subject...."); Timm v. Mead Corp., 32 F.3d 273, 276 (7th Cir.1994) ("Section 1367 was 'intended to codify rather than to alter the judge-made principles of pendent and pendent party jurisdiction.' ") (citing Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1182 (7th Cir.1993)).



2

1367(c)(3)[3]. In fact, such discretion even extends to cases in which state law merely predominates. See 28 U.S.C. §§ 1367(c)(2), 1441(c). The doctrine of supplemental jurisdiction, the Shanaghan Court emphasized, "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in a manner that most sensibly accommodates a range of concerns and values." Shanaghan, 58 F.3d at 106 (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988)). Furthermore, "when a district court may relinquish jurisdiction over a removed case involving [supplemental] claims, the court has discretion to remand the case to state court." Carnegie-Mellon Univ., 484 U.S. at 351. In exercising such discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Shanaghan, 58 F.3d at 110; also see Dashields v. Robertson, 215 F.3d 1318, *3 (4th Cir. 2000) (unpub.)

In the instant case, the plaintiff withdrew her federal RICO claim by amending her complaint after the defendants removed the action to this Court. Thus, in accordance with § 1367(c)(3), this Court may exercises its discretion not to assert supplemental

---

[3] 28 U.S.C. § 1367(a) provides that "[i]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that ... form part of the same case or controversy...." The statute goes on to provide that a district court may decline to exercise supplemental jurisdiction in certain circumstances. See 28 U.S.C. § 1367(c)(3) ("the district court has dismissed all claims over which it has original jurisdiction ...").

3

jurisdiction over the plaintiff's state law claims. As noted by the Magistrate Judge, the discovery conducted in this Court will likely be available for use in state court and the other preparatory steps of the parties will not likely be wasted after remand. Similarly, only state law claims remain, including causes of action for fraud, negligence, civil conspiracy, and alleged violations of the South Carolina Unfair Trade Practices Act and the South Carolina Uniform Securities Act.[4] In other words, considerations relating to conservation of and respect for judicial resources and interests of comity and federalism undoubtedly point in favor of remand to the state court. See <u>Guzzino v. Felterman</u>, 191 F.3d 588, 595-596 (5th Cir. 1999) ( where remaining claims involve only state law and completed discovery available for use in state forum, remand is appropriate); and <u>Kimsey v. Snap-On Tools Corp.</u>, 752 F.Supp. 693, 695-696 (W.D.N.C. 1990) (after removal, plaintiff amended complaint to eliminate federal RICO claim; Court remanded action because remaining issues solely involved state law).

Therefore, on consideration of the matter, the Court hereby adopts the Magistrate Judge's Report and Recommendation, which is made a part of this Order by specific reference. For the reasons set out herein as well as those espoused by the Magistrate Judge, the plaintiff's motion to remand the remaining state law claims is hereby granted.

---

[4] The defendants assert that the existence of federal bankruptcy proceedings involving Timberland Properties, Inc., of which the defendants are former officers, weighs in favor of this Court's retention of jurisdiction. The Court finds this argument to be unpersuasive, and without legal support. The alleged misdealings of the defendants in developing the aforementioned real estate are the heart and soul of this action, and thus, should be addressed in the state forum.

Because the Court finds that this action should be remanded to the appropriate state court, all remaining motions are hereby rendered moot. The Clerk of Court is instructed to cause the files in this matter to be transferred to the aforementioned state court.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　C. WESTON HOUCK
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

November 16, 2001
Florence, South Carolina